UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CROSSTEX LIG, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1259-B |
| | § | |
| BG ENERGY MERCHANTS, LLC AND | § | |
| EXCO OPERATING COMPANY, LP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Crosstex's Motion to Remand (doc. 9). In accordance with the Defendants' request, this Court scheduled a hearing on the motion. For the reasons set forth below and the reasons set forth in detail on the record at the hearing, the Court concludes that this case does not present a federal question and **GRANTS** Plaintiff's motion and **REMANDS** the case to the 191st Judicial District Court, in Dallas County, Texas.

### I.

### BACKGROUND

Plaintiff's claims against Defendants BG Energy Merchants and EXCO Operating Company arise out of a contract dispute. Plaintiff operates a natural gas pipeline that, in accordance with the Natural Gas Policy Act ("NGPA"), 15 U.S.C. §§ 3301-3432 (2006), is regulated by the Federal Energy Regulatory Commission ("FERC"). Pursuant to the NGPA, Plaintiff must file its rate terms with FERC, which then determines whether the rates are just and reasonable. *See id.* § 3371. The resulting Statement of Operating Conditions ("SOC") is a tariff, and thus is the equivalent of federal law. *See Carter v. Am. Tel. & Tel. Co.*, 365 F.2d 486, 496 (5th Cir. 1966). In accordance with the

rates enumerated in the SOC, Plaintiff entered into agreements ("Agreements") with both Defendants to transport natural gas owned by the Defendants through its pipeline. Pet. ¶ 12. The SOC is referred to in the Agreements.

## II.

## ANALYSIS

*A. Federal Question Jurisdiction*

At the center of this lawsuit is a dispute over whether Plaintiff may assess an "uncapped" fuel rate for all fuel used along this route. The issue presently facing the Court is whether the resolution of this dispute turns on federal law or is simply a matter of state contract law. This determination is governed by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a consequence of this rule, a court must look to the plaintiff's complaint because "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Given that federal courts have subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, this Court must determine, based on Plaintiff's Original Petition, whether its claims require an interpretation of the SOC - requiring a review of federal law - or merely call for an analysis of the language in the Agreements a matter of state contract law. Plaintiff argues that the language in the Agreements controls and that the SOC has no bearing on the contract claims it asserts. Pl. Mot. to Remand ¶ 12. Defendants counter that the SOC controls in this case because it sets forth Plaintiff's fuel rates, and Plaintiff quoted portions of the SOC in its Petition. Def. Resp. 4-6. In the Defendants' view, then, Plaintiff's Petition raises a federal issue and would accord this Court subject matter jurisdiction.

*See Caterpillar*, 482 U.S. at 392.

It is well settled that the removing party bears the burden of showing that a federal question exists and that removal was proper. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants, in this case, have failed to meet this burden. In their briefings and at the hearing, Defendants argued that Plaintiff's references to the SOC were key to the resolution of the claim, but could not articulate with any precision why this was the case. Even though the Petition referred to the SOC, and the Agreements enumerated fuel rates consistent with the SOC, the SOC is ancillary to the actual dispute, and therefore not at issue. As Plaintiff explained during the hearing, if the SOC had not been referred to in either the Petition or the Agreements, the claims put forth in the Petition, and thus the dispute, would have remained the same. This conclusion is further bolstered by an opinion by FERC disclaiming primary jurisdiction over the claim, where it explained that "resolution of the dispute between the parties turns on the interpretation of section 5.1 of the Agreements, not on the meaning of any provision in the SOC." *BG Energy Merchants and EXCO Operating Company. v. Crosstex*, 136 FERC P 61098, ¶ 40, No. PR11-107-000 (Aug. 10, 2011). Since the language of the Agreements controls the claim, and not the language from the SOC, Plaintiff's claims do not pose a federal question.

As referenced by the Court during the hearing, *Florida Gas Transmission Co., LLC v. Bay Gas Storage Co., Ltd.*, No. H-08-3472, 2009 WL 361592 (S.D. Tex. Feb. 11, 2009), bears similarity to this case. There, as here, the defendant argued that adjudication of the contract claim would require interpretation of the tariff. *Id.* at *3. But the court found that Florida Gas Transmission's claim was unrelated to the tariff because it neither challenged the reasonableness of the rate nor turned on interpretation of its specific provisions. *Id.* at *4. With this in mind, the Court is of the opinion that

Plaintiff's claims do not "arise under" federal law, and thus properly belong in state court. Accordingly, this case is **REMANDED**.

*II. Attorney's Fees*

In its Motion to Remand, Plaintiff also requested that it be awarded attorney's fees. Pl. Mot. to Remand ¶ 22. 28 U.S.C. § 1447(c) provides that a remand order "may require payment of just costs . . . including attorney fees incurred as a result of removal." However, such an award may be given only where the removing part lacks an "objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Although the Court ultimately disagrees with Defendants' argument, the premise was not objectively unreasonable, and the Plaintiff does not cite any authority to indicate otherwise. Thus, Plaintiff's request for attorney's fees is **DENIED**.

### III.

### CONCLUSION

For the reasons announced during the hearing and above, the Court **ORDERS** that Plaintiff's Motion to Remand is **GRANTED**. Plaintiff is not awarded attorney's fees, but the case is hereby **REMANDED** to the court from which it was removed, the 191st Judicial District Court, in Dallas County, Texas.

SO ORDERED

DATED September 16, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE